UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION LEXINGTON

Civil Action No.: 12-CV-00035-DCR

1LT MICHAEL DEAN VAUGHAN                                              PLAINTIFF

vs.

KENTUCKY ARMY NATIONAL GUARD, AND                          DEFENDANTS
UNITED STATES DEPARTMENT OF THE ARMY

**AMENDMENT TO MEMORANDUM
IN SUPPORT OF MOTION TO DIMISS**

***** ***** ***** ***** *****

Defendant's tender this amendment to the Memorandum in Support of Motion to Dismiss

(Doc. #14-1).

In preparing for the motion to dismiss, the attorneys for the United States began with the

belief that in accordance with Army Regulations, the Letter of Reprimand was not in Vaughan's

official military file and prepared the memorandum in support on that basis. When they sought

an affidavit of the facts it proved out to be more complicated than they had believed. The

declaration obtained correctly stated the facts, as understood by the affiant, but left an ambiguity

about the current state of the Letter of Reprimand and Vaughan's Official Military File. What

counsel did not do was to adjust the memorandum that had been prepared to be consistent with

the declaration and the somewhat convoluted facts nor did they recognize that the Letter of

Reprimand had been reinserted into Vaughan's file.

Once the Memorandum was filed and Vaughan conveyed his response to Counsel, it

became apparent that the Memorandum contained errors and that the Letter of Reprimand had

been reinserted in the personnel file where it did not belong.  It has never been the intention of counsel to convey false or misleading information to the court.

In order to correct the record the Defendants tender Exhibit E – Revised Declaration of Barry and ask that the Memorandum in Support be amended as follows:

-**Page 3, first full paragraph, sixth sentence**.  Replace sentence with:

"Second, the letter of reprimand issued to the plaintiff was a local corrective measure, and the document was never intended for filing in the plaintiff's Official Military Personnel File; as such it was not a final agency action from which legal consequences flow."

-**Page 9, first full paragraph of Argument Part B**:  Replace the first paragraph with the following three paragraphs and keep the remaining paragraphs of Part B that address the ABCMR and exhaustion of administrative remedies:

"Army policy provides that a letter of reprimand may not be filed in an officer's Official Military Personnel File (OMPF) unless a general officer directs such filing in a written endorsement or addendum to the letter of reprimand.  *See* AR 600-37, *Unfavorable Information*, ¶ 3-4b. Although plaintiff did receive a letter of reprimand dated April 6, 2010, a general officer never directed the filing of the letter of reprimand in plaintiff's OMPF.  *See* Exhibit A (Barry Declaration, July 24, 2012); Exhibit E (Barry Declaration, August 9, 2012).  Exhibits A and E are declarations by the records custodian who serves as the Chief of the Soldier Records Branch at the Army National Guard Readiness Center in Arlington, Virginia, who conducted an initial review of plaintiff's OMPF on July 19, 2012, and a second review on August 7, 2012.  The original Barry Declaration shows that the letter of reprimand had been placed in plaintiff's OMPF as an attachment to other documents properly placed in the file.  *See* Exhibit A (Barry Declaration, July 24, 2012).  Because of a lack of detail in paragraph 3c of Exhibit A, however, the declaration attached as Exhibit E is an attempt to state the facts pertaining to the letter of reprimand more clearly, and it may be regarded as a replacement for Exhibit A."

"In her initial review, the records custodian determined that a letter of reprimand had been erroneously filed as an attachment to a properly filed Officer Evaluation Report, dated April 9, 2010. Exhibit E (Barry Declaration, August 9, 2012).   Because filing the reprimand as an attachment to an Officer Evaluation Report was contrary to Army OMPF policy, the records custodian took immediate steps to separate the letter of reprimand from the Officer Evaluation Report in plaintiff's OMPF.  *Id.*  Although the records custodian initially concluded that the letter of reprimand could be separately filed as a standalone document in plaintiff's OMPF, she subsequently determined that the reprimand could only be filed in an officer's OMPF if such filing was directed, in writing, by a general officer pursuant to the restrictions prescribed in AR 600-37.   Because a general officer had not directed OMPF filing with regard to the letter of reprimand that was issued to plaintiff in April 2010, the records custodian removed the reprimand in entirety from plaintiff's OMPF.  As such, the letter of reprimand is no longer filed in plaintiff's OMPF, and it "may not be filed in [plaintiff's] OMPF at any future time because to do so would be in violation of the Army records management policies in effect at the time the letter was issued.""  *Id.*

"Because a general officer never directed that the letter of reprimand be filed in plaintiff's OMPF, it follows that the reprimand was only intended as a local measure.  Army policy provides that locally filed reprimands are filed "for a period not to exceed 3 years or until reassignment of the recipient to another general court-martial jurisdiction, whichever is sooner."  *See* AR 600-37, *Unfavorable Information*, ¶ 3-4a.  Therefore, the decision to issue the letter as a locally filed measure was of only temporary import and not a decision from which permanent legal consequences will flow.  This fact remains notwithstanding the filing error described in the Barry Declaration, which was expediently corrected by the responsible records custodian as soon as the error was recognized."

Respectfully Submitted,

Kerry B. Harvey
United States Attorney

 /s/ David E. Middleton
David E. Middleton
Assistant U.S. Attorney
260 West Vine, Suite 300
Lexington KY 40507-1612
(859) 685-4830
david.middleton@usdoj.gov

4

## CERTIFICATE OF SERVICE

I certify I electronically filed this document with the clerk of the court by using the

CM/ECF system which caused electronic service on all parties whose attorneys are in the

system.

I further certify that I mailed a copy of this document by regular U.S. Mail to:

Michael Dean Vaughan
2010 Scott Blvd.
Covington, KY  41014

On August 13, 2012.

 /s/ David E. Middleton
David E. Middleton
Assistant U.S. Attorney
