**United States District Court**
**Eastern District of Kentucky**
**(Frankfort Division)**

| | |
|---|---|
| 1LT Michael Dean Vaughan ) | |
| 2010 Scott BLVD. ) | |
| Covington, KY 41014 ) | |
| *Plaintiff,* ) | Case No.: 3:12-cv-00035-DCR |
| ) | Judge: Danny Reeves |
| vs. ) | |
| ) | |
| KY Army National Guard ) | |
| 100 Minuteman PKWY ) | |
| Frankfort, KY 40601 ) | |
| ) | |
| AND ) | |
| ) | |
| United States Department of the Army ) | |
| 1400 Defense Pentagon ) | |
| Washington DC 20301-1400 ) | |
| ) | |
| *Defendant(s)* ) | |

EXHIBIT B

## Michael Vaughan

| | |
|---|---|
| **From:** | Michael Vaughan <michael.dean.vaughan@us.army.mil> |
| **Sent:** | Wednesday, September 23, 2009 12:12 PM |
| **To:** | 'jerry.morrison@us.army.mil' |
| **Subject:** | Memorandums |
| **Attachments:** | MEMO_REQ_15_6_DOCS.pdf; MEMO_REQ_DEF_COUNSEL.pdf; MEMO_Sworn_Statement_revoked.pdf |

| | |
|---|---|
| **Importance:** | High |
| **Sensitivity:** | Private |

Sir,

I have attached 3 memorandums; one requesting defense counsel, second one requesting the 15-6 findings, exhibits..etc. and the third withdrawing/revoking my sworn statement I made on 15AUG2009. If you have any questions please call me sir.

```
-1LT Michael Vaughan, EN
207th EN CO, 1st PLT, PL
NIPR E-mail: michael.dean.vaughan@us.army.mil
SIPR E-mail: michael.dean.vaughan@us.army.smil.mil
CELL: 502-680-7012
****************************************************
CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use
of the intended recipient(s) and may contain confidential, classified and/or privileged
information. Any unauthorized review, use, disclosure or distribution is prohibited. If you
are not the intended recipient, please contact the sender by reply e-mail and destroy all
copies of the original message.
****************************************************

"De inimico non loquaris sed cogites"
```

1

**COMPANY HSC 201ˢᵗ ENGINEER BN**
2519 LEXINGTON AVE
ASHLAND, KENTUCKY 41101

**KG-HSC-201-EN**                                    **23 September 2009**

**MEMORANDUM OF REQUEST FOR LTC Jerry Morrison, 201ˢᵗ EN BN COMMANDER**

**SUBJECT: Trial Defense Services**

1. The purpose of this memorandum is to request that defense counsel be appointed from Army Trial Defense Services for 2LT Michael Vaughan regarding an active 15-6 investigation with the KY ARNG.

2. Questions can be addressed to the undersigned at michael.dean.vaughan@us.army.mil

/S/
MICHAEL D. VAUGHAN
2LT, EN, KYARNG

**COMPANY HSC 201st ENGINEER BN**
2519 LEXINGTON AVE
ASHLAND, KENTUCKY 41101

KG-HSC-201-EN                                                    23 September 2009

## MEMORANDUM OF REQUEST FOR LTC Jerry Morrison, 201st EN BN COMMANDER

SUBJECT: 15-6 Investigation

1. The purpose of this memorandum is to request the 15-6 investigation findings and results including all exhibits and communications (digital or otherwise) with any and all individuals or organizations regarding the 15-6 investigation regarding 2LT Michael Vaughan and the civilian harassment complaint made by Mary Kounovsky.

2. This information will be used for any subsequent defense or rebuttal against any adverse findings and/or administrative actions that may be brought against 2LT Michael Vaughan.

3. Questions can be addressed to the undersigned at michael.dean.vaughan@us.army.mil

/S/
MICHAEL D. VAUGHAN
2LT, EN, KYARNG

**COMPANY HSC 201ˢᵗ ENGINEER BN**
2519 LEXINGTON AVE
ASHLAND, KENTUCKY 41101

KG-HSC-201-EN                                                    23 September 2009

MEMORANDUM FOR LTC Jerry Morrison, 201ˢᵗ EN BN COMMANDER

SUBJECT: Sworn Statement Dated 15AUG2009

1. The purpose of this memorandum is for 2LT Michael Vaughan to WITHDRAWAL the sworn statement taken on 15AUG2009 at the Ashland Armory by MAJ J.B. Richmond.

2. The Sworn Statement was taken while 2LT Michael Vaughan was under the influence of Percocet (Narcotic), Toradol (Opiate), and Morphine (Narcotic) shortly after being treated at Kings Daughters Medical Center for a small kidney stone. This medical procedure was witnessed by MAJ Draper, SPC Rodkey, and SPC Stasy. Additionally, 2LT Michael Vaughan was not advised of his rights nor advised that the sworn statement was voluntary.

3. Questions can be addressed to the undersigned at michael.sean.vaughn@us.army.mil

/S/
MICHAEL D. VAUGHAN
2LT, EN, KYARNG

ENDER: COMPLETE THIS SECTION

Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

LTC Jerry Morrison
100 Minuteman Pkwy
Frankfort, KY
40601

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   SEP 2 9 2009

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Article Number
(Transfer from s   7008 1140 0002 0379 0697

S Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL  RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com
FRANKFORT KY 40601

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | $2.80 | |
| Return Receipt Fee (Endorsement Required) | $2.30 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $5.54 |

POSTMARK FRANKFORT KY 40601  09/28/2009

Sent To   LTC Jerry Morrison
Street, Apt. No.; or PO Box No.   100 Minuteman Pkwy
City, State, ZIP+4   Frankfort, KY 40601

PS Form 3800, August 2006   See Reverse for Instructions

7008 1140 0002 0379 0697

**Subject:** Findings by the board and proposed stipulations

**From:** Middleton, David (USAKYE) (David.Middleton@usdoj.gov)

**To:** mikeyv1970@yahoo.com;

**Cc:** Todd.Milliard@us.army.mil; daryl.b.witherspoon.mil@mail.mil;

**Date:** Sunday, August 26, 2012 5:28 PM

Lt. Vaughan:

In your voice mail of Saturday evening you said that the board did make findings, but in the Declaration of Shane Deverill (attached to the motion to dismiss) p 3. Deverill states that Lieutenant General Bednarek noted, "The board failed to make appropriate findings in accordance with NGR (National Guard Regulation) 635-101, paragraph 20." and that he returned the proceedings to the board for compliance. Paragraph 20, NGR 635-101 requires that the board make separate findings with respect to each allegation in the notification memorandum. "in this case, whether First Lieutenant Vaughan committed adultery and whether he harassed the woman with whom he had the affair." That is the sense in which I understand that findings were not made.

I understand you to say that the Board made verbal findings. You did not say what those findings were. The findings that the board members may have made verbally but were not included in the report may not be of particular legal significance. I still say that if you request a second board hearing you can attempt to prove that you did not commit the conduct. The burden of proof may be on you.

I understand that you take the position that AR-15 requires that you be given a chance to rebut the conclusions of the investigator before any other action can be taken. Defendants disagree relying on the parts of AR-15 that say if there is a procedure that provides due process for the particular administrative action in question that such procedure should be followed and that the separate requirements of AR-15 are not required.

The position set forth in the motion to dismiss rest largely on a different level of analysis. Specifically in order for the courts to consider an agency action under the APA there must be a final agency action that has significant legal consequences for the plaintiff. Within that framework the only action taken so far that meets that criteria is the relief for cause evaluation and you had a right to submit rebuttal but have not done so. If this position prevails then you can question whether an AR-15 report that the officer has already had a chance to rebut is required before a removal for cause evaluation can be done.

Now where does this leave us with respect to your proposed stipulations?

In order to Stipulate I will need formal approval from the Defendants. I do not think that the allegation that you were not afforded a separate opportunity to rebut the conclusions of the Report of Investigation is disputed by the

motion to dismiss. As I stated yesterday you can submit your own affidavits. If you still think the stipulation are relevant to the motion to dismiss can you explain to me why?

# David Middleton

Assistant United States Attorney

Eastern District of Kentucky

859 685-4830

## LIMITED OFFICIAL USE

*The information contained in this e-mail message is legally priviledged. If the receiver of this message is not the intended recipient, you are notified that any distribution or copying of this email or its contents is strictly prohibited; please notify me by phone at 859 685-4830 and delete all copies. Thank you.*