UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| MICHAEL DEAN VAUGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 12-35-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY ARMY NATIONAL | ) | |
| GUARD and UNITED STATES | ) | **MEMORANDUM OPINION** |
| DEPARTMENT OF THE ARMY, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Kentucky Army National Guard's and Defendant United States Department of the Army's motion to dismiss. [Record No. 14] The defendants argue that the Court should dismiss the Complaint because each of the plaintiff's claims fail to satisfy either the case or controversy requirement for justiciability or the jurisdictional prerequisites of the Administrative Procedure Act ("APA"). For the reasons explained below, the Court will grant the defendants' motion.

**I.**

Plaintiff Michael Dean Vaughan is very litigious. This action, as well as several others, arises out an investigation of Vaughan conducted by the Kentucky National Guard regarding harassment allegations.[1] And as the defendants note, the Court is "familiar with the harassment

---

[1] This action is closely related to several other cases filed by Vaughan. *See* Civil Action Nos. 2: 12-53; 3: 10-05; 3: 10-54; 3: 12-33; 3: 12-34; 3: 12-35.

allegations against plaintiff that gave rise to the actions by the defendants that are the subject of this action." [Record No. 14-1, p. 2] Mary Elizabeth Brigham-Kounovsky ("Brigham") alleged that Vaughan had taken certain harassing actions against her to officers of the Kentucky Army National Guard in August of 2009. [Civil Action No. 3:10-005-DCR, Record No. 47] Major James Richmond was appointed to conduct an investigation of Vaughan on August 13, 2009, by his Battalion Commander, Lieutenant Colonel Jerry Morrison. [Record No. 14-1, p. 3] He was directed to "perform an investigation [in accordance with] AR 15-6, obtaining the details pertaining to the informal commander's inquiry pertaining to harassment of Ms. Kounovsky by 1LT Michael Vaughan of the 207th Horizontal company" of the 201st Engineer Battalion, Kentucky Army National Guard." [*Id.*, p. 2]

Major Richmond issued a report of the investigation to Lieutenant Colonel Morrison, and "found that [Vaughan] had harassed Ms. Brigham by sending her threatening e-mails and had engaged in a sexual relationship with her at a time when he was separated but still married to his wife." [*Id.*] In September 2009, Vaughan was relieved of his command and transferred. [Record No. 1] In February of 2010, a relief for cause Officer Evaluation Report was issued to Vaughan. [Record No. 11, p. 13] On March 31, 2012, a Withdrawal of Federal Recognition Hearing was held. [*Id.*, p. 18]

Vaughan filed a Complaint on May 2, 2012, in the United States District Court for the District of Columbia. [Record No. 1] He asserted three Counts: equitable estoppel and laches (Count I); violation of the due process clause of the Fifth and Fourteenth Amendments (Count II); and claims under the APA (Count III). On May 8, 2012, the District Court for the District

-2-

of Columbia transferred the case (along with two of Vaughan's other cases) to the Eastern District of Kentucky, pursuant to 28 U.S.C. § 1391. [Record No. 5] On July 3, 2012, Vaughan filed his First Amended Complaint. [Record No. 11] He asserts the same counts as before, with the addition of Count IV, which asserts a alleged violation of the Kentucky Code of Military Justice's provision relating to double jeopardy. [*Id.*, p. 25]

**II.**

Federal courts are courts of limited jurisdiction and possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the United States Constitution provides that federal courts may hear only justiciable cases or controversies. U.S. Const. Art. III, § 2. In every federal case, the threshold question is whether the court has the judicial power to hear the suit. *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Once jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). The plaintiff has the burden of establishing subject matter jurisdiction to survive the defendant's Rule 12(b)(1) motion to dismiss. *Giesse v. Sec'y of Dept. of Health and Human Serv.,* 522 F.3d 697, 702 (6th Cir. 2008). In reviewing a 12(b)(1) motion challenging the factual basis for jurisdiction, a district court "has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio*

*Nat'l Life Ins. Co v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). If a court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### III.

Vaughan alleges that the following agency actions taken by the defendants were improper: (1) production of the report of investigation pursuant to Army Regulation ("AR") 15-6; (2) issuance of a letter of reprimand to Vaughan; (3) issuance of a relief-for-cause Officer Evaluation Report to Vaughan; (4) suspension of Vaughan's military security clearance; and (5) holding the Withdrawal of Federal Recognition Hearing. [Record No. 11; *see also* Record No. 14-1, p. 1] However, the defendants contend that this matter is not justiciable at this time. They argue that, because a parallel action is currently pending in front of an Army Board to Correct Military Records, any claims regarding the AR 15-6 Report, the letter of reprimand, and the Officer Evaluation Report should be dismissed.

The defendants also contend that the Court lacks subject matter jurisdiction over the claims for various other reasons. The defendants first argue that the AR 15-6 investigation is not an "adverse administrative action" and is not subject to judicial review. [*Id.*] Second, they argue that the letter of reprimand complained of was a "local corrective measure, and the document was never placed in the plaintiff's Official military Personnel File" and was, therefore, not a final agency action. [*Id.*, p. 3] Third, the defendants assert that "the decision to issue the plaintiff a relief-for-cause Officer Evaluation Report that resulted in the plaintiff's removal from a military leadership position was not arbitrary and capricious. Moreover, judicial review should be precluded by the intra-military doctrine or because it involved the exercise of subjective

discretion reserved to the military agency." [*Id.*] Regarding the suspension of Vaughan's military clearance and withdrawal of federal recognition, the defendants argue that neither matter constitutes final agency action and that these issues are not ripe because the agency has not taken final action against Vaughan with an administrative board.

### 1. Administrative Remedies

Although Vaughan was not *required* to exhaust his administrative remedies before this Court has jurisdiction over his claims, the Sixth Circuit vests district courts with discretion to defer. *Bangura v. Hanse*, 434 F.3d 487, 494 (6th Cir. 2006). Vaughan "has recently availed himself of the statutory remedy of 10 U.S.C. § 1552 to appeal to the Secretary of the Army for a correction of his military records" to the Army board for Correction of Military Records ("ABCMR"). [Record No. 14-1, p. 10]  Where no statute or administrative rule requires a plaintiff to exhaust available administrative remedies, the question of whether a plaintiff "should be required to exhaust [his] administrative remedies is a matter of sound judicial discretion." *Bangura*, 434 F.3d at 494.  Thus, the inquiry becomes whether requiring Vaughan to exhaust his administrative remedies serves the interests of judicial economy.

The defendants assert that the interests of judicial economy would be served by requiring Vaughan to exhaust his administrative remedies because the plaintiff has already availed himself of an administrative petition to correct his military records.  This petition is currently pending. In the petition, Vaughan asks the ABCMR to correct his military records to address the AR 15-6 Report, the letter of reprimand, and the Officer Evaluation Report.  As the defendants note, the petition is based on the same set of facts and Vaughan is seeking essentially the same remedy

that he is seeking from this Court. Additionally, the defendants point out that the ABCMR has statutory authority to confer monetary remedies and other equitable remedies that are not available to courts under the APA. *See* 10 U.S.C. § 1552a-c. The Court agrees that judicial economy is served by requiring Vaughan to exhaust his administrative remedies. If Vaughan is granted relief by the ABCMR under that petition, the matters for which he seeks redress from this Court will be moot. Thus, the Court concludes that Vaughan will be required to exhaust his administrative remedies on the matters of the AR 15-6 Report, the Letter of Reprimand and the Officer Evaluation Report.

### 2. Lack of Final Agency Action

Even if the Court did not require that Vaughan exhaust his administrative remedies before the ABCMR regarding the AR 15-6 Report, the letter of reprimand, and the Officer Evaluation Report, there are additional reasons why the Court cannot review these matters. "Only final agency decisions are subject to review under the APA." *Ohio Forestry Ass'n, Inc., v. Sierra Club*, 523 U.S. 726, 732 (1998). By its terms, the APA "provides a right to judicial review of all 'final agency action for which there is no other adequate remedy in a court.'" *Bennett v. Spear*, 520 U.S. 154, 174-75 (1997) (quoting 5 U.S.C. § 705). Agency action is final under the APA where it: (1) marks the consummation of the agency's decision-making process; and (2) determines rights and obligations or occasions legal consequences. *Bangura,* 434 F.3d at 500. "The core question is whether the agency has completed its decision making process, and whether the result of that process is one that will directly affect the parties." *Or. Natural Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006).

### i. AR 15-6 Report

The AR 15-6 Report of Investigation is not a final agency action that consummated the agency's decision-making process to determine Vaughan's rights. Therefore, it is not subject to review under the APA. The relevant army regulations dictate that an officer conducting an informal investigation "may use whatever method he finds most efficient and effective for acquiring information." AR 15-6, ¶ 4-2. AR 15-6 "sets out an informal investigation process [and] provides a fact-gathering tool for Army commanders." [Record No. 14-1, p. 7] AR 15-6 is a general regulation outlining procedures to be followed by boards of officers who are conducting investigations involving individual members of the Army. AR 15-6 explicitly states that the "regulation does not require that an investigation be conducted before adverse administrative action, such as relief for cause, can be taken against an individual."[2] AR 15-6; *see also* Record No. 14-1, p. 8.

The AR 15-6 Investigation and Report issued on August 18, 2009, was not the consummation of the military's decision regarding Vaughan. Instead, it provided factual information to the military appointing authority. Therefore, it was "of a merely tentative or interlocutory nature." *Or. Natural Desert Ass'n*, 465 F.3d at 984 (quoting *Bennett*, 520 U.S. at 178). In addition, looking to see whether the agency had "rendered its last word on the matter" by conducting an informal investigation, it is obvious from the factual allegations of the Complaint that it had not. *Id.* The informal AR 15-6 investigation occurred on August 13, 2009.

---

[2] Vaughan spends considerable time, in his Complaint and in his Response to the Motion to Dismiss, attacking the alleged procedural deficiencies from the AR 15-6 Report and Investigation. However, as the defendants point out, the army regulations themselves state that "procedural errors or irregularities in an investigation or board do not invalidate the proceeding or any action based on it." AR 15-6, ¶ 2-3c.

[Record No. 11, p. 3] After the AR 15-6 investigation, the investigation into the harassment complaint continued up the chain of command. *See* Civil Action No. 3: 10-54-DCR, Record No. 45 (discussing at length Colonel Rodney Hayes' investigation and conclusions into the harassment allegations). In addition, Vaughan himself was informed on several occasions that the AR 15-6 Report was not considered when Vaughan was eventually relieved for cause. [Record No. 11, p. 15] This undercuts any finding that the Report was "the last word" on the matter. As a result, the Court concludes that the AR 15-6 Report and Investigation is not final agency action. Judicial review under the APA is not appropriate where final agency action is lacking. The Court, thererfore, will dismiss Counts I, II, and III insofar as they relate to the AR 15-6 Report.[3]

### ii. Letter of Reprimand

Vaughan alleges that "[o]n May 9, 2010, additional final action was taken against [him] by the filing of his Relief for Cause [Officer Evaluation Report] and his Letter of Reprimand into his permanent record that was based on the AR 15-6 Report of Proceedings." [Record No. 11, p. 16] The defendants argue that the letter of reprimand issued to Vaughan on April 6, 2010 "was only a locally filed measure and, because it was not filed in [Vaughan's Official Military Personnel File (OMPF)], the decision to file the letter was of only temporary import and not a decision from which permanent legal consequences will flow." [Record No. 14-1, p. 9] In

---

[3] Count I states that Vaughan is alleging "equitable estoppel and laches" against the defendants due to the AR 15-6 Report. [Record No. 11] However, the claim is simply a reiteration of his APA violation claim, because he is attacking the alleged procedural deficiencies of the AR 15-6 Report and Investigation. Therefore, it is proper to dismiss Counts I and II for the same reasons that dismissal of Count III is appropriate.

support, the defendants have attached an exhibit documenting a review of Vaughan's OMPF, which occurred on July 20, 2012. [Record No. 16-2] The review, conducted by the Chief of the Soldier Records Branch at the Army National Guard Readiness Center in Arlington, Virginia, determined that "[n]o letter of reprimand is filed in 1LT Vaughan's OMPF." [*Id.*]

Based on the credible documentation available to the Court, the letter of reprimand was only of a temporary nature and thus did not constitute a final administrative action. However, the Court also concludes that judicial review of the letter of reprimand is inappropriate due to the petition currently pending before the Army Board to Correct Military Records, as discussed above. Because the defendants have shown a lack of finality regarding the letter of reprimand, and because an administrative action on this exact issue is pending, the Court concludes that judicial review of the letter of reprimand is improper. Count III, as it relates to the letter of reprimand, will be dismissed.

### iii. Officer Evaluation Report

Vaughan received a relief-for-cause Officer Evaluation Report ("OER"), dated April 9, 2010, which was filed in Vaughan's OMPF. [Record No. 14-1] The defendants concede that this OER is final agency action, yet argue that the action was a result of sound military discretion, and is not arbitrary and capricious. The defendants have provided the following summary (*via* the Chief of the Soldier Records Branch at the Army National Guard Readiness Center) regarding the Report:

> The Officer Evaluation Report does not indicate that 1LT Vaughan was being relieved from a command position, but it does indicate he was removed from a leadership position. The officer's rater annotated the basis for relief as: "1LT Vaughan is receiving a referred report due to poor decision making and lack of

> moral character," and his senior rater listed the basis as: "1LT Vaughan made some decisions that violate the Army Values. These decisions show poor character and do not reflect the leadership position he is assigned as a commissioned officer." There is no document in the OMPF indicating that 1LT Vaughan has appealed the Officer Evaluation Report to the Officer Special Review Board of the Department of the Army, although he may do so within five years of the date of the report.

[Record No. 16, p. 3] Because Vaughan was removed from his leadership position due to poor character that did not reflect his leadership position, poor-decision making, and violating the Army Values, the defendants assert that the decision to remove Vaughan from his leadership position was not arbitrary and capricious. [Record No. 14-1, p. 11] The defendants also argue that "the military decision to remove an officer from a position based on leadership deficiencies should not be subject to judicial review" because of the doctrine of military immunity and military discretion. [*Id.*]

The doctrine of military immunity requires "that the judiciary be scrupulous not to interfere with legitimate Army matters." *Orloff v. Willoughby*, 345 U.S. 83, 94 (1953). The special status accorded the military has long been upheld by the Supreme Court. *See Chappell v. Wallace*, 462 U.S. 296, 303-04 (1983) ("The special status of the military has required, the Constitution contemplated, Congress has created and this Court has long recognized two systems of justice, to some extent parallel: one for civilians and one for military personnel."). Of course, the Supreme Court has never held that military personnel are barred from all redress, but have noted that "the special relationships that define military life 'have supported the military establishment's power to deal with its own personnel.'" *Id.* at 305. The Court agrees with the defendants' assertions that "unit-level leadership determinations and assignments are legitimate

Army matters that should be reserved to military officials." [Record No. 14-1, p. 13] Insofar as the actions removing Vaughan from leadership positions were final agency action, it is within the purview of military immunity and discretion and is not subject to review by this Court. The Court will dismiss the claims in the Complaint relating to the Officer Evaluation Report.

### iv.     Security Clearance and Withdrawal of Federal Recognition

Vaughan also complains about the suspension of his security clearance and the withdrawal of federal recognition hearing by the defendants. The defendants argue that no justiciable controversy exists regarding these actions for the same reasons discussed above. It is undisputed that Vaughan's security clearance was suspended on March 8, 2011. [Record No. 14-1, p. 15] The defendants argue that "by agency definition suspension is 'the temporary withdrawal of a person's eligibility for access to classified information.'" [*Id.*, p. 15 (quoting AR 380-67)] Thus, the defendants argue that Vaughan's claims regarding his security clearance are premature because final agency action has not yet occurred. In addition, on July 9th, 2011, a Withdrawal of Federal Recognition Board hearing was held. Yet, on March 26, 2012, the Commanding General of 1st Army determined that the board was legally deficient because it had failed to make factual findings concerning the specific allegations of misconduct identified in the board's convening order. [*Id.*, p. 18]

The Court finds that neither of these actions was a final agency decision. Thus, they are not ripe for review. It appears that Vaughan's security clearance is currently suspended, but other administrative actions must occur to determine whether the clearance will be permanently revoked. Nor has Vaughan's federal recognition been finally withdrawn. A claim is not

justiciable where it hinges on hypothetical future events. *See Cooley v. Granholm,* 291 F.3d 880, 883-84 (6th Cir. 2002) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."). It is certainly possible that neither his security clearance nor federal recognition will be withdrawn. Therefore, the Court will dismiss Count IV of the Complaint regarding the Withdrawal of Federal Recognition Hearing, and Count III of the Complaint as it relates to Vaughan's security clearance.

**IV.**

For the foregoing reasons, each of Plaintiff Michael Dean Vaughan's claims present matters that are not justiciable controversies. As such, the Court lacks subject matter jurisdiction over the matters alleged in the Complaint. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendants Kentucky Army National Guard and United States Department of the Army's Motion to Dismiss [Record No. 14] is **GRANTED**.

2. Plaintiff Michael Dean Vaughan's claims regarding the AR 15-6 Report, the letter of reprimand, and the Officer Evaluation Report (in Counts I, II, and III) are **DISMISSED**, with prejudice. All other claims are **DISMISSED**, without prejudice.

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 18th day of January, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge