# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION AT FRANKFORT

MICHAEL DEAN VAUGHAN,
    Plaintiff,

v.

KENTUCKY ARMY NATIONAL GUARD
and
UNITED STATES DEPARTMENT OF THE
ARMY,
    . Defendants. .

Civil Action No. 3:12-cv-00035-DCR

Hon. Danny C. Reeves

Eastern District of Kentucky
FILED

JUN 1 8 2026

AT FRANKFORT
Robert R. Carr
CLERK U.S. DISTRICT COURT

## PLAINTIFF'S MOTION FOR LIMITED PARTY ACCESS
## TO DOCUMENTS FILED UNDER SEAL

Plaintiff Michael Dean Vaughan, pro se, respectfully moves this Court for an order granting him limited party access to documents filed under seal in this action, specifically Record No. 16 (the declarations filed in support of Defendants' Motion to Dismiss) and Record No. 21 (the sealed Amended Document amending the Motion to Dismiss and supporting Memorandum), and any sealed document the Court relied upon in resolving Record Nos. 14, 19, 37, or 38, so that Plaintiff may review them in connection with a contemplated motion under Federal Rule of Civil Procedure 60(d)(3) to set aside the Judgment (Record No. 38) for fraud upon the court. In support, Plaintiff states as follows.

**SCOPE OF THE RELIEF REQUESTED**

Plaintiff seeks limited party access only. He does not move to unseal these documents on the public record, and he takes no position in this motion on whether they should be unsealed. He asks only that he, as the party against whom the sealed declarations were filed, be permitted to review records in his own closed case. Plaintiff further undertakes that he will not publicly file, disseminate, or otherwise disclose the sealed documents or their contents except by order of this

Court, under seal, or in properly redacted form. Because the relief is limited and party-specific, Plaintiff serves this motion on Defendants' counsel of record, as reflected in the certificate of service below.

## BACKGROUND

1.   This action, transferred to this Court from the United States District Court for the District of Columbia (No. 1:12-cv-00710), challenged adverse personnel actions taken against Plaintiff, including a General Officer Letter of Reprimand and a relief-for-cause Officer Evaluation Report.

2.   On August 3, 2012, Defendants moved to dismiss (Record No. 14) and simultaneously moved for leave to file their supporting declarations under seal (Record No. 15). The Court granted leave (Record No. 17), and the declarations were filed under seal as Record No. 16. Per the docket, Record No. 16 comprises the Barry Declaration (Appendix Attachments A and B), the Frodge Declaration (Exhibit B), the Harris Declaration (Exhibit C), and the First Army Declaration (Exhibit D).

3.   On August 13, 2012, Defendants filed an Amended Document amending the Motion to Dismiss and its supporting Memorandum (Record No. 19), moved to seal it (Record No. 20), and it was filed under seal as Record No. 21. By Order entered the same day (Record No. 22), the Court directed that the documents be maintained under seal pending further Orders of the Court.

4.   On August 8, 2012, Plaintiff filed an Initial Notice of Fraud on the Court (Record No. 18).

5.   On January 18, 2013, the Court granted the Motion to Dismiss (Record No. 37) and entered Judgment dismissing the action (Record No. 38). The case is closed.

6.   Plaintiff maintains a PACER account (username warhacker6) associated with the electronic-mail address warhacker6@gmail.com. Through that account Plaintiff can view the public docket

of this action but cannot open the documents filed under seal, which the docket designates as "SEALED and only available to authorized persons." Plaintiff has no present means of accessing Record Nos. 16 and 21.

## ARGUMENT

**I.   The Court retains authority to act, because Rule 60(d)(3) preserves the power to set aside a judgment for fraud upon the court.**

Federal Rule of Civil Procedure 60(d)(3) provides that the rules do not limit a court's power to "set aside a judgment for fraud on the court." Rule 60(d)(3) is not subject to Rule 60(c)(1)'s one-year limit applicable to Rule 60(b)(1)-(3), and a court retains authority over its own records and judgments to entertain such relief even after a case is closed. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245–46 (1944); see *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993). Access to the sealed record is a necessary predicate to invoking that preserved power.

**II.   A strong presumption of access attaches to judicial records, and it applies with special force to a party seeking the record of his own case.**

The public and the parties enjoy a strong presumption of access to judicial records, which may be overcome only by compelling reasons that are narrowly tailored. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179–81 (6th Cir. 1983); Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597–99 (1978). That presumption is at its strongest here, where the movant is the party himself and the sealed materials are declarations filed against him that concern his own military personnel records. Whatever privacy interest supported sealing is Plaintiff's own, and Plaintiff does not assert it against himself.

(3)   granting such other and further relief as the Court deems just and proper.


Respectfully submitted,

Michael Dean Vaughan, Pro Se
500 Leo Drive
Hamilton, Ohio 45013
(859) 743-1355
warhacker6@gmail.com
**Dated**: June 15, 2026


## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2026, a true and correct copy of the foregoing

Plaintiff's Motion for Limited Party Access to Documents Filed Under Seal was served by first-

class United States mail, postage prepaid, upon:

Office of the United States Attorney
Eastern District of Kentucky
260 West Vine Street, Suite 300
Lexington, Kentucky 40507
(Attn: David E. Middleton, Assistant United States Attorney,
counsel of record for Defendants)

Michael Dean Vaughan, Pro Se