**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**(at Frankfort)**

Eastern District of Kentucky
FILED
OCT 14 2026
AT FRANKFORT
Robert R. Carr
CLERK U.S. DISTRICT COURT

| | | |
|---|---|---|
| MICHAEL DEAN VAUGHAN, | ) | Civil Action No. 3:12-CV-35-KKC |
| | ) | Hon. Karen K. Caldwell |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENTUCKY ARMY NATIONAL GUARD and UNITED STATES DEPARTMENT OF THE ARMY, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RENEWED MOTION**
**FOR AN ORDER GRANTING PARTY ACCESS TO SEALED RECORDS,**
**LEAVE TO USE THEM IN HIS RULE 60(d)(3) MOTION,**
**AND PRESERVATION OF THE SEALED RECORD**
**(Renewed After the Order of July 23, 2026, Record No. 49)**

*** *** ***

Plaintiff Michael Dean Vaughan, pro se, renews his request for access to the sealed records in this action. On July 23, 2026, the Court denied his earlier motion (R. 47) without prejudice and directed that he request copies of documents in the record from the Clerk by docket entry number, with prepayment of 50 cents per page. (R. 49.) Plaintiff will follow that procedure. The documents he needs most, however, are sealed, and the Clerk cannot release a sealed entry to a requester without a Court order identifying him as a person authorized to receive it. This renewed motion asks only for that order, and for related relief the Rule 60(d)(3) motion now requires. He asks the Court to enter an order (1) directing the Clerk to provide him copies of the sealed records listed below, (2) granting him leave to quote, cite, and attach them in his Motion to Set Aside the Judgment under Federal Rule of Civil Procedure 60(d)(3) and related filings, under seal or in redacted form, (3) in the alternative, unsealing the Defendants' sealed

declarations with the redactions Rule 5.2 requires, and (4) directing the Clerk to preserve the sealed record, including the conventionally filed audio recording.

## I. WHY THE REQUEST IS RENEWED

1. **The Clerk's copy procedure does not reach sealed entries without an order.** Record No. 49 provides that Plaintiff may obtain "a copy of any document previously filed in the record" by written request to the Clerk and prepayment. Every entry listed in Part II is designated on the docket as "SEALED and only available to authorized persons." Plaintiff asks the Court to designate him an authorized person for those entries, so that the Clerk may fill his request under the procedure the Court has already set. He will prepay the 50-cent-per-page fee.

2. **The Rule 60(d)(3) motion is complete.** Record No. 47 sought access for a "contemplated" motion, and the Court denied it without prejudice. That motion is now prepared and shall be filed no later than Oct. 21, 2026. It rests in part on the sealed declarations: the Court's holding that the Letter of Reprimand was "only of a temporary nature" relied on Record No. 16-2, and the Defendants' Amendment told the Court that Exhibit E, filed with it, "may be regarded as a replacement for Exhibit A." (R. 37 at 8-9, Page ID# 1175-76; R. 19 at 2, Page ID# 357.) Plaintiff cannot present those records to the Court accurately without access to the versions the Court actually received.

3. **The sealed record is at risk.** In the related action, *Vaughan v. Brigham*, No. 3:10-CV-5, the Clerk destroyed exhibits by shredding on June 10, 2014, while Plaintiff was unable to respond. (No. 3:10-CV-5, R. 89, R. 90.) Plaintiff then asked this Court's Clerk, in writing, not to destroy documents or exhibits in this action. (R. 40; R. 43.) One sealed item here, the audio recording filed as Exhibit H, is a conventional filing "maintained on the shelf in the Clerk's office under

seal." (R. 31.) It is the only recording of the July 9, 2011 board of officers known to have been filed with any court.

4. **Plaintiff has no other means of access.** Through his PACER account, Plaintiff can see the docket, but not the sealed entries. The Court denied electronic filing privileges (R. 49), and Plaintiff will file in paper or on a USB flash drive as the Court directed, including any sealed or redacted versions of these records.

## II. THE SEALED RECORDS REQUESTED

| Record | Filed by | Description from the docket | Why Plaintiff needs it |
|---|---|---|---|
| R. 16, with attachments 16-1 to 16-5 | Defendants, Aug. 3, 2012 (sealed by R. 17) | Barry Declaration with Appendix Attachments A (OER) and B (OER letter); Exhibit B, Frodge Declaration; Exhibit C, Harris Declaration; Exhibit D, First Army Declaration. | The Court relied on R. 16-2 for its reprimand holding. The Rule 60 motion challenges the July 2012 records review and the Frodge declaration. |
| R. 21 | Defendants, Aug. 13, 2012 (sealed by R. 22) | Sealed filing accompanying the Amendment (R. 19), which describes its Exhibit E, the revised Barry Declaration of Aug. 9, 2012, as a "replacement for Exhibit A." | The Amendment says Exhibit E records the removal of the reprimand from the personnel file during this litigation. |
| R. 29, with attachments | Plaintiff, Aug. 31, 2012 (sealed by R. 34) | Exhibits B and C (Parts 1-13) to Plaintiff's Response in Opposition. | Plaintiff's own exhibits. He lost his copies while incarcerated from December 2013 to October 2023. |
| R. 30, with attachments | Plaintiff, Aug. 31, 2012 (sealed by R. 34) | Exhibits E, F (Parts 1-5), G, and H to Plaintiff's Response, including the complete Section VIII of DA Form 1574 as filed. | Establishes what the Court had before it when it ruled. The Rule 60 motion cites R. 30-2. |
| R. 31 | Plaintiff, Aug. 31, 2012 (conventional filing) | Exhibit H, audio recording, maintained on the shelf in the Clerk's office under seal. | Recording of the July 9, 2011 board of officers. Needs preservation and a duplicate. |
| R. 3-2 | Plaintiff, May 2, 2012 (sealed by D.D.C. fiat order) | Sealed Exhibit A to Plaintiff's Emergency Motion for TRO. | Plaintiff's own exhibit, filed before transfer. |

*The sealed entries in this action.*

## III. ARGUMENT

### A. The Court controls its own records and may grant a party access to them at any time.

"Every court has supervisory power over its own records and files." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). That power does not lapse when a case is closed, and it is the same power Rule 60(d)(3) preserves to "set aside a judgment for fraud on the court." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244-46 (1944). A party

who asks the Court to examine the integrity of its own judgment must be able to see the record on which that judgment was entered.

**B. The presumption of access is strongest for a party, and nothing here overcomes it.**

In this Circuit there is a "strong presumption in favor of openness" as to court records, and the party seeking to keep records sealed must show "a compelling reason" for sealing, and the seal must be "narrowly tailored to serve that reason." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179-80 (6th Cir. 1983). The burden is heaviest where the records bear on the court's adjudication of the merits. *Shane Group*, 825 F.3d at 305; *Rudd Equipment Co. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016). Record Nos. 16 and 21 are the evidentiary basis of a dispositive ruling.

Plaintiff does not ask for public unsealing in this part of the motion. He asks for access by the party against whom the declarations were filed. The declarations concern his own military personnel records. Whatever privacy interest justified sealing in 2012 belongs to him, and he does not assert it against himself. The Defendants were served with these documents when they filed them; no interest of theirs is served by keeping them from the opposing party. Plaintiff's own sealed exhibits (R. 3-2, 29, 30, 31) were sealed at his request to protect the same personal information, and no reason exists to withhold them from the person who filed them.

**C. The Court's own 2012 order contemplated unsealing.**

When the Court granted the Defendants' second motion to seal, it gave Plaintiff "fourteen (14) days to file any objection he may have to having the documents unsealed in the record." (R. 22.) Plaintiff filed no objection. No later order addressed unsealing before the Judgment. In the alternative to party access, Plaintiff consents to, and requests, unsealing of Record Nos. 16 and

21 on the public docket, with Social Security numbers, dates of birth, home addresses, and similar identifiers redacted as Rule 5.2(a) requires. That would complete the step the Court's order anticipated.

**D. Leave to use the records is needed for the Rule 60(d)(3) motion.**

The Rule 60(d)(3) motion asks whether the Court was deceived by representations made through these declarations. The Court will need the same versions it relied on in 2013. Plaintiff therefore asks leave to quote and cite the sealed records in his Rule 60(d)(3) motion, its supporting declaration and exhibit index, any reply, and any hearing. He will file unredacted copies under seal and redacted copies on the public docket, so that nothing sealed in 2012 becomes public except by the Court's order.

**E. The sealed record should be preserved.**

The records at issue are the evidence on which the Rule 60(d)(3) motion will be decided. Exhibits in the related *Brigham* action were destroyed in 2014. (No. 3:10-CV-5, R. 90.) Plaintiff asks the Court to direct the Clerk to preserve every sealed entry in this action, including the conventionally filed audio recording at Record No. 31, pending resolution of the Rule 60(d)(3) motion and any appeal, and to provide Plaintiff a duplicate of the recording or permit him to make one under the Clerk's supervision.

## IV. UNDERTAKINGS

Plaintiff undertakes that he will not publicly file, disseminate, or disclose any sealed record or its contents except (1) under seal, (2) in a form redacted under Rule 5.2, or (3) as the Court orders. He will prepay the copying fee set in Record No. 49, or, if the Court prefers, review the records in the Clerk's office. He serves this motion on counsel for the Defendants so that they may be heard.

## V. RELIEF REQUESTED

1. Grant this renewed motion.

2. Designate Plaintiff a person authorized to receive copies of Record Nos. 3-2, 16 (with attachments 16-1 through 16-5), 21, 29 (with attachments), and 30 (with attachments), and direct the Clerk to fill his written request for those entries under the procedure set in Record No. 49, upon prepayment of 50 cents per page.

3. Direct the Clerk to preserve the conventionally filed audio recording at Record No. 31 and to provide Plaintiff a duplicate, or to permit him to make one under the Clerk's supervision.

4. Grant Plaintiff leave to quote, cite, and attach the sealed records in his Rule 60(d)(3) motion and related filings, filing unredacted copies under seal and redacted copies publicly.

5. In the alternative to paragraph 2 as to Record Nos. 16 and 21, unseal those records on the public docket with the redactions required by Rule 5.2(a).

6. Direct the Clerk to preserve all sealed entries in this action pending resolution of the Rule 60(d)(3) motion and any appeal.

7. Grant such other relief as the Court finds just.

A proposed order is tendered with this motion.

Respectfully submitted,

Michael Dean Vaughan
Plaintiff, Pro Se
500 Leo Drive
Hamilton, Ohio 45013
(859) 743-1355
warhacker6@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the date below, I filed the foregoing with the Clerk of the United States District Court for the Eastern District of Kentucky by submitting the signed paper original for filing, and that I served a true and accurate copy by United States Mail upon the Office of the United States Attorney for the Eastern District of Kentucky, 260 West Vine Street, Suite 300, Lexington, Kentucky 40507, counsel of record for the Defendants.

Dated: October 7th, 2026

Michael Dean Vaughan, Pro Se